CA 06 31 T

**PETITION UNDER 28 U.S.C. § 22[illegible] IT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| | |
|---|---|
| **United States District Court** | District Rhode Island |
| Name (under which you were convicted): Keith A. Werner | Docket or Case No.: |
| Place of Confinement: Walpole prison then ACI RI | Prisoner No.: W82688 |
| Petitioner (include the name under which you were convicted): Keith A. Werner | v. Respondent (authorized person having custody of petitioner): Vose George, Dennehy, Kathleen |
| The Attorney General of the State of Rhode Island | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Kent County superior Court Quaker Lane Warwick RI

   (b) Criminal docket or case number (if you know): Ind # KY/92-0875A (No. 96-570 S.Ct)

2. (a) Date of the judgment of conviction (if you know): 1-12-05

   (b) Date of sentencing: ______

3. Length of sentence: 60 years

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: Robbery, ~~Conspiracy to Commit Robbery~~ Assault with a Dangerous Weapon - 2 count Theft of automobile.

6. (a) What was your plea? (Check one)

   (1) Not guilty ☑ (3) Nolo contendere (no contest) ☐

   (2) Guilty ☐ (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? ______

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?

Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: Supreme Court of R I

(b) Docket or case number (if you know): (No 96-570 Appeal) (K1/92-875A Trial)

(c) Result: ______

(d) Date of result (if you know): ______

(e) Citation to the case (if you know): State of RI v. Werner

(f) Grounds raised: See ATTACHMENT "A" annexed hereto and Attachment B

(g) Did you seek further review by a higher state court? Yes ☒ No ☐

If yes, answer the following:

(1) Name of court: U.S. Supreme Court; R.I. supreme Court

(2) Docket or case number (if you know): ______

(3) Result: Denied

(4) Date of result (if you know): ______

(5) Citation to the case (if you know): ______

(6) Grounds raised: See Attachment B

(h) Did you file a petition for certiorari in the United States Supreme Court? Yes ☒ No ☐

If yes, answer the following:

(1) Docket or case number (if you know): ______

(2) Result: Denied

(3) Date of result (if you know): ____

(4) Citation to the case (if you know): ____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ~~[illegible]~~ Kent Co. Superior Court

(2) Docket or case number (if you know): No. 92-0875A

(3) Date of filing (if you know): 7-15-05

(4) Nature of the proceeding: Habeas corpus; Mtn to Appoint Counsel

(5) Grounds raised:

1. Each and every: ground raised on direct appeal, objection, offer of proof and lack thereof, every argument made at trial and on appeal

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☒

(7) Result: Still pending

(8) Date of result (if you know): ____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Kent Co. Superior Court

(2) Docket or case number (if you know): No 92-0875A

(3) Date of filing (if you know): ____

(4) Nature of the proceeding: DNA Testing Request

(5) Grounds raised: Only evidence connecting Mr. Werner to crime is eyewitness testimony. Perpetrator left his hat - containing hair follicles in car he stole from victim; Writ of Habeas Corpus; and Motion for Appointment of Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☒

(7) Result: Still pending

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes ☒ No ☐

(2) Second petition: Yes ☐ No ☐

(3) Third petition: Yes ☐ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

A direct appeal was filed and denied

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: See Attachment A B

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

IBID.

(b) If you did not exhaust your state remedies on Ground One, explain why: Certain issues are still pending before the trial court; issues that I couldn't raise on direct appeal hence, I am moving this Court to stay or abat the federal action until the state habeas corpus is granted/denied

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Habeas Corpus

Name and location of the court where the motion or petition was filed: Kent Co. Superior Ct, R I

Docket or case number (if you know): #96 - 570 (appeal); K1/92-875A (trial ct)

Date of the court's decision: No decision

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

Writ of Habeas Corpus in trial court.

GROUND TWO: ______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attachment A B

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Habeas Corpus

Name and location of the court where the motion or petition was filed: Kent Co. Superior Court, R.I.

Docket or case number (if you know):

Date of the court's decision: No decision yet

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: ______

GROUND THREE: IBID.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): ______

(b) If you did not exhaust your state remedies on Ground Three, explain why: ______

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Habeas Corpus

Name and location of the court where the motion or petition was filed: Kent Co. Superior Ct. R I

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion or petition?

Yes ❑ No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ______

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: ______

**GROUND FOUR:** I.B.T.D.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☐ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☒ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. Kent Co. Superior Court. All issue raised herein, see Ground One A – R, and Attachment B

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial: Mark Smith, 176 Eddie Dowling Hwy, N. Smithfield R.I.

(d) At sentencing: Supra

(e) On appeal: Paula Rosin, office of Public Defender, Providence, R.I.

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☒ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: Providence County - 1 consecutive sentence
Kent County - 2 consecutive sentences

(b) Give the date the other sentence was imposed: ?

(c) Give the length of the other sentence: Life plus 100 years

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☒ No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

State post conviction petitions are currently pending before the Kent Co. and Providence Co. courts

The State of Massachusetts, Dept. of Corrections, seized and withheld all of my legal property for at least 2-months on several occasions.

I filed a petition for writ of certiorari in the U.S. Supreme Court

The Clerk for the U.S. District Ct, District of R.I., in derogation of Fed Rule 3(b), Fed. R. Civ. P., failed to acknowledge receipt of my appeal and returned it to me without docketing the receipt of the appeal

I was physically incapacitated for a couple of months.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: Vacate conviction with prejudice

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on

(*) 12-24-05 (month, date, year).

Executed (signed) on Keith A. Werner (date).

12-24-05

Keith A. Werner

Signature of Petitioner

(*) I sent a petition for habeas corpus earlier which the clerk rejected, in derogation of Rule 3(b)

---

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.** ______________________________________________

______________________________________________

______________________________________________

IN FORMA PAUPERIS DECLARATION

______________________________

[Insert appropriate court]

* * * * *