# ATTACHMENT A.

GROUND ONE The State Court abused its discretion by denying Mr. Werner's Motion to Introduce Expert Testimony on Eyewitness Identification, and, at the very least, by failing to hold a pretrial hearing on the admissibility of the expert testimony; furthermore, such preclusion violated Mr. Werner's state and federal constitutional right to present a defense. Special circumstances were demonstrated that justified admission of such testimony because the only evidence connecting Mr. Werner to the crime — two eyewitnesses — were suffering from a mental disability, Post Traumatic stress Disorder ("PTSD")

A. The Neuro-Bio-Physiological Mammilian Stress Response and the Mechanics and Dynamics of PTSD is beyond the Ken of jurors

B. Neither cross-examination nor jury instructions were adequate substitutes for expert testimony on eyewitness' identification

# ATTACHMENT A

GROUND ONE (cont'd)

C. The expert's proffered testimony on the below-listed phenomena is beyond the ken of jurors, relevant and would not have confused the jurors:

(i) Effect of Stress
(ii) Lack of Correlation Between Certainty and Accuracy
(iii) Weapon Focus
(iv) Photo Bias and Blending
(v) Unconscious Transfer and Assimilation of Post Event Information
(vi) Selective or Learned Perception
(vii) Social Psychology of Identification and Sensory stimuli
(viii) Familiarity and Repetition
(ix) General Psychological Factors
(x) Miscellaneous Factors

D. The State Courts' abused its discretion by ruling that Mr. Werner's request for a polygraph test and expert would not be considered unless Mr. Werner Agreed to first take the stand. Such a ruling

ATTACHMENT A

GROUND ONE

D. (cont'd) constituted impermissible interference with the attorney-client relationship

E. Mr. Werner's conviction was obtained as a result of having been denied the assistance of counsel once he had become an "accused."

(i) The state court erred as a matter of law by ruling that the denial of assistance of counsel did not rise to a federal constitutional level; and, also by applying the incorrect standard of review; thus denying Mr. Werner's Sixth, First and Fourteenth Amendment Rights - equal protection and due process, as well as his rights under the privileges and immunities clause

F. The state courts erred as a matter of both fact and law in denying Mr. Werner's indictments because the state failed to

ATTACHMENT A

GROUND ONE

F. (Cont'd) bring him to trial within the mandatory time frames specified by the Interstate Agreement on Detainers Act, ("IADA"), 18 U.S.C. App2

(i) See, also, ATTACHMENT B annexed hereto

G. Mr. Werner was deprived of his constitutional right to an impartial trial judge; hence, her rulings with respect to the IADA violations are null and void. These ruling were accepted and incorporated without review by three other trial judges.

H. The state court applied the incorrect standard of review relative to the IADA violations.

I. The prosecution destroyed substantive and impeachment evidence, favorable and exculpatory in violation of two

# ATTACHMENT A

## GROUND ONE

A. Petitioner's conviction was obtained as the result of ineffective assistance of counsel on appeal

B. Petitioner's appellate attorney failed to file a merits brief on appeal. There were numerous non-frivolous issues that might arguably have supported petitioners appeal, to wit:

(i) destruction of evidence supporting the petitioners defense

(ii) excessive security at trial

(iii) the identification procedure prior to the eyewitness viewing a photo array was impermissibly suggestive in that an eyewitness was married to an officer involved in the case and had talked about "Keith Werner" on the way to the police station to view a photo array.

(iv) the trial judge's failure to pass

ATTACHMENT A

B(iv) (cont'd) the case after the prosecutor engaged in misconduct during cross examination of a defense witness. The prosecutor asked, "[I]s it true that Mr. Werner offered you money to come here and testify about this case?" and "Isn't it true that he also threatened you about this in order to get you here to testify?"

(v) failure of the state to extradite Mr. Werner, pursuant to the time limits in the Extradition Act

(vi) denial of the right to a speedy appeal

(vii) denied the right to an impartial judge whose rulings with respect to the other pending cases were simply accepted and incorporated by reference by three other trial judge

(viii) The state court applied the incorrect standard of review with respect to

# ATTACHMENT A

B. (viii) (cont'd) the Interstate Agreement on Detainers Act, and violations thereof. See Attachment B

ATTACHMENT A

GROUND ONE

I. (Cont'd) state statutes which, in turn, denied Mr. Werner his fundamental rights to a fair trial

J. Mr. Werner's conviction was obtained as the result of the state courts' denial of Mr. Werner's federal right to compel a genetic witness – DNA testing – to prove that another person committed the crime

K. The identification procedure used by the police was impermissibly suggestive and unreliable under the totality of the circumstances.

L. The state courts' erred as a matter of law by failing to pass the case with respect to prosecutorial misconduct during summation. The prosecutor misstated the law and facts, became an unsworn witness, tendered an expert opinion on matter in which he is not an expert, and, concerning matters not generally

ATTACHMENT A

GROUND ONE

L. (Cont'd) accepted in the relevant scientific community; and, misleading the jury by misstating the evidence and by making remarks to items not in evidence. The prosecution made derogatory comments about defense counsel and Mr. Werner

M. Mr. Werner's convictions were obtained as the result of the trial court giving jury instructions that were fundamentally defective.

N. The trial judge committed reversible error when he initially denied Mr. Werner's motion to pass the case after the prosecutor, during his closing argument, engaged in an improper demonstration regarding the time during which the identifying witness claimed they looked at the robber, and subsequently, when, after the trial judge realized he made an error, failed to give a sufficient cautionary instruction to the jury; the

ATTACHMENT A

GROUND ONE

N. (cont'd) trial judge also erred by telling the jury that "the defense did not present a defense."

O. The state courts' erred by failing to give the requested "adverse inference" instruction to the jury concerning six issues

P. Mr. Werner was denied his right to effective assistance of counsel when defense counsel:

(i) failed to interview alibi witnesses;

(ii) failed to have DNA testing performed;

(iii) failed to consult with Mr. Werner concerning factual issues relevant to a defense;

(iv) failed to hire a private investigator to locate and interview alibi witnesses.

(v) failed to have the indictments dismissed for failure to extradite within statutory time limits

ATTACHMENT A

GROUND ONE

P. (cont'd)

(vi) failed to have the indictments dismissed as a result of the State's failure to execute the habeas corpus petition to have Mr. Werner brought back to Rhode Island

Q. Mr. Werner's convictions ~~was~~ were the result of cumulative errors, i.e., errors that, although not prejudicial individually, are cumulatively prejudicial

R. Mr. Werner was subjected to unreasonable excessive security at trial, i.e. forced to appear in physical restraints without the need to do so.

S. The trial court committed reversible error by prohibiting the defense, in its summation, from presenting an adverse inference argument