ATTACHMENT B

## QUESTION(S) PRESENTED

1. With respect to the terms and provisions of the Interstate Agreement on Detainers Act, ("IADA"), 18 USC App 2, is "strict compliance" or "substantial compliance" the appropriate standard of review required to determine whether the provisions of Article III, have been sufficiently invoked?

1(a) If "substantial compliance" is the appropriate standard sufficient to invoke Article III: Once detainers have been lodged by a state (the "receiving state") against an indicted-accused serving a term of imprisonment in a party-state (the "sending state") does a defense attorney's motion for writ of habeas corpus and oral argument in support which apprises both the prosecutor and court of jurisdiction of: (i) the accused's request to be brought before the court; (ii) his place of imprisonment; (iii) the sentence he is serving; (iv) the date the sentence began; and, the state's refusal to obtain temporary custody of the accused, constitute sufficient notice to substantially comply with the Article III(b) notice requirement?

2 When a state (the "receiving state") files an Article IV detainer and written request for temporary custody against a prisoner serving a term of confinement in a party-state (the "sending state") but never obtains custody of the prisoner pursuant to the Article IV request, alleging the sending state failed to send the offer to deliver temporary custody form, does the default inure to the detriment