UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEITH A. WERNER         :
                        :
v.                      :    C.A. No. 06-31T
                        :
GEORGE VOSE[1]          :

**MEMORANDUM AND ORDER**

Before this Court for determination is Petitioner Keith A. Werner's "Motion to Stay and Abet Petition until State Court Decides Issues Within State Habeas Corpus Petition." 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). This Court has determined that no hearing on this Motion is necessary. For the reasons discussed below, Petitioner's Motion is DENIED without prejudice.

**Background**

Petitioner commenced this action on January 23, 2006 by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is in state custody as a result of multiple criminal convictions. Petitioner has been convicted of (1) robbery, conspiracy to commit robbery, and carrying a pistol without a license in December 1993, State v. Werner, 865 A.2d 1049 (R.I. 2005); (2) assault with a dangerous weapon, possessing a loaded weapon, and possessing a sawed-off shotgun in June 1994, State v. Werner, 831 A.2d 183 (R.I. 2003); (3) robbery, assault with a dangerous weapon, and larceny over $500.00 in March 1995, State v. Werner, 851 A.2d 1093 (R.I. 2004); and (4) assault with a dangerous weapon in April 1995, State v. Werner, 830 A.2d 1107 (R.I. 2003). This Petition involves only his March 1995 conviction for an armed robbery which resulted in a victim being "shot...right in the belly" by the robber. State v. Werner, 851 A.2d at 1098.

---

[1] Respondent Vose's successor is Rhode Island Department of Corrections Director Ashbel T. Wall, II.

**Discussion**

Petitioner's Motion to "Stay and Abet" requests that this Court "stay and hold in abeyance the instant petition until the state court has rendered a decision on matters now pending before the trial court." (Document No. 2). Generally, to be eligible for habeas relief, a petitioner must show that he has exhausted all state court remedies. See 28 U.S.C. § 2254(b)(1). In Rhines v. Weber, 125 S. Ct. 1528 (2005), the Supreme Court confronted the situation of a "mixed" petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state court and some that have not. It held that the mechanism of stay and abeyance may be applied by the District Court "in limited circumstances" where "there was good cause for the petitioner's failure to exhaust," the unexhausted claims are not "plainly meritless" and the petitioner has not "engaged in intentionally dilatory litigation tactics." Id. at 1535. "The stay and abeyance procedure [set forth in Rhines] is intended to protect a petitioner in appropriate circumstances from having his federal claims become time barred by the one-year limitations period, 28 U.S.C. § 2244(d), while he completes the state exhaustion process" after dismissal of a "mixed" petition. Bader v. Warden, 02-CV-508-JD, 2005 WL 1528761 at *6 (D.N.H. June 29, 2005) citing Pace v. DiGuglielmo, 125 S. Ct. 1807, 1813 (2005).

In his Motion to "Stay and Abet," Petitioner asserts that his Petition "contains mixed issues" but makes no effort to identify which specific claims have been exhausted and which are unexhausted. Further, the Petition indicates that Petitioner has a pending writ of habeas corpus and motion to appoint counsel in Kent County Superior Court (KC No. 92-0875A) which raises "each and every ground raised on direct appeal, objection, offer of proof and lack thereof, every argument made at trial and on appeal." (Document No. 1, § 11(a)(5)). Based on this description, it appears

that rather than presenting a "mixed" petition to this Court, it is possible that the Petition presents only unexhausted claims. Further, even if this is a "mixed" petition, Petitioner's summary motion to "Stay and Abet" does not address any of the Rhines factors which this Court must consider in determining whether or not stay and abeyance is appropriate.

For the foregoing reasons, Petitioner's Motion to "Stay and Abet" is DENIED without prejudice to renewal by Petitioner if warranted in the future. Further, this Court RECOMMENDS that the District Court order the Attorney General to file its response to the Petition in this case and to specifically address the exhaustion/stay and abeyance issue.

LINCOLN D. ALMOND
United States Magistrate Judge
February 3, 2006