**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEITH WERNER** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 06-31T** |
| | : | |
| **ASHBELL T.WALL** | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying supporting memorandum, respectfully moves to dismiss plaintiff's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody."

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN, #4438**
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903

**CERTIFICATION**

I hereby certify that on the 15th day of March 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Keith Werner, pro-se, P.O. Box 100, South Walpole, MA, 02071.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEITH WERNER,**<br>**Plaintiff** | : | |
| | : | |
| **v.** | : | **CA 06-31T** |
| | : | |
| **ASHBELL T. WALL**<br>**Defendant** | : | |

**<u>STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S "PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"</u>**

On July 1, 2004, the Rhode Supreme Court affirmed the robbery, assault-with-a-dangerous weapon (two counts), and larceny convictions charged in Indictment Number K1-1992-0875A. *See* <u>State v. Werner</u>, 851 A.2d 1093 (R.I. 2004)(included in *State's attachment*). His petition for reargument (included in *State's Attachment*)(*see* Rule 25 of the Rhode Island Rules of Appellate Procedure) was denied by the Rhode Island Supreme Court on September 10, 2004, and, having failed to file for a writ of certiorari to the United States Supreme Court,[1] his conviction became "final" 90 days thereafter, on December 10, 2004. (*See* <u>Kapral v. United States</u>, 166 F.3d 565, 570 (3d. Cir. 1999)(conviction becomes final when the time for seeking certiorari in the United States Supreme Court expires, which is 90 days from the final entry of judgment); <u>Caspari v. Bohlen</u>, 510 U.S. 383, 390-91 (1994)("A state conviction and sentence become final for

[1] Although on page 2 of the *Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody* filed by Petitioner, he appears to represent that he sought further review of the Rhode Island Supreme Court's decision in the United States Supreme Court, the State has been unable to locate any such petition denied by the United States Supreme Court in the applicable time-period.

purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.").) Petitioner had, then, until December 10, 2005, in which to seek 28 U.S.C. § 2254 relief in the Federal District Court.[2] (*See* 28 U.S.C. § 2244(d)(1), which, in relevant part, provides that "[a] one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the *** date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").) Although Petitioner appears to represent that – subsequent to the (December 10, 2004) finality of his relevant conviction but prior to the expiration of the one-year limitation period on December 10, 2005 – he collaterally attacked his conviction in Rhode Island Superior Court,[3] thereby tolling the one-year limitation period (*see* 28 U.S.C. § 2244(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the

---

[2] "Petitioner commenced this action on January 23, 2006 by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254." (Werner v. Vose, 2006 WL 279074 (D.R.I.), * 1.)(included in *State's Attachment*).

[3] *Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody* at 4 (referencing a "still pending" "Habeas corpus; Mtn to Appoint Counsel" pleading filed in "Kent Co. Superior Court" in Indictment "No. 92-0875A"), at 4 (referencing a "still pending" "DNA Testing Request" filed in "Kent Co. Superior Court" in Indictment "No 92-0875A), at 6 (referencing an apparently ongoing state Superior Court "habeas corpus" proceeding), at 6-7 (referencing an apparently not yet concluded "Habeas Corpus" "Kent Co. Superior" "K1/92-875A(trial court)"), at 7 (a "Writ of Habeas Corpus in trial court" action), at 8 (a "Habeas Corpus" "Kent Co. Superior Court, R.I." in which "No decision yet"), at 10 (a "Habeas Corpus" "Kent Co. Superior Ct. RI" action), at 13 (a now pending "Kent Co. Superior Court" proceeding), and at 14 (stating that "State post conviction petitions are currently pending before the Kent Co. and Providence Co. Courts").

pertinent judgment for claim is pending shall not be counted toward any period of limitation under this subsection")), the only documents Petitioner appears (at least, according to the State's examination of the *Criminal Docket Sheet Report* in Case Number K1-1992-0875A (included in *State's Attachment*) and the actual Superior Court file of that case contained in the Kent County Superior Court Clerk's Office) to have filed, between December 10, 2004 and December 10, 2005, is an October 17, 2005 *Petition* [with supporting affidavit] *By Defendant Requesting DNA Testing* (included in *State's Attachment*), and an accompanying *Memorandum Of Law In Support Of His Petition Requesting DNA Testing*. These submissions, however, which merely seek an "order that DNA testing be performed" (*Memorandum Of Law In Support Of His Petition Requesting DNA Testing* at 12) and that "the State of Rhode Island pay for the costs of the DNA testing" (*Petition By Defendant Requesting DNA Testing* at 1), would plainly not appear to qualify as "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" (28 U.S.C. § 2244(2)), as Petitioner's *DNA Request* merely seeks, in apparent pursuit of an "innocence" claim, to "subject[]" "hair" samples to "DNA testing" (*Petition By Defendant Requesting DNA Testing* at 3), and is not even a direct attack upon his judgment of conviction. *See* Hodge v. Greiner, 269 F.3d 104, 107 (2nd Cir. 2001)(the filing of a proceeding under N.Y.C.P.L.R. 7801-06 ("Article 78"), so as to "obtain additional documents concerning the investigation of his offense", is not "'an application for State post-conviction or other collateral review' within the meaning of subsection 2244(d)(2)", as "Hodge's Article 78 proceeding did not challenge his conviction[,] *** rather it sought material he claimed might be of help in developing such a challenge ***. [I]f a filing of that sort could toll

the AEDPA limitations period, prisoners could substantially extend the time for filing federal habeas petitions by pursuing in state courts a variety of applications that do not challenge the validity of their convictions. *** If a prisoner believes he is entitled to discovery in aid of a state or federal collateral attack, his remedy is to seek such relief from the court where a properly filed and timely collateral attack on his conviction is pending."); Carrillo v. Dretke, 2004 WL 3008605 (N.D.Tex), * 2 ("In an attempt to excuse this delay, petitioner argues that the statute of limitations should be tolled while his motion for DNA testing was pending in the trial court and on appeal. (*See* Pet. Reply at 2-3). However, the AEDPA limitations period is tolled only while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]' 28 U.S.C. § 2244(d)(2). A motion for DNA testing is not an application for state post-conviction relief or 'other collateral review.'")(included in *State's Attachment*); Hansen v. Johnson, 2005 WL 2218034 (E.D. Va.), * 4 (Petitioner filed a motion for post-trial testing of evidence on May 26, 2004, in the Supreme Court of Virginia. While it is true that the running of the federal statute of limitations is tolled during the pendency of an 'application for State post-conviction or other collateral review,' petitioner's motion did not toll the statute of limitations because it was not a motion which attempted to vacate his conviction. *See* 28 U.S.C. § 2244(d)(2); *see also* Hodge v. Greiner, 269 F.3d 104, 105-06 (N.Y.2d 2001). Instead, the motion sought information which petitioner claimed would have been helpful in developing a challenge to his conviction.")(included in *State's Attachment*); Elliot v. DeWitt, 10 Fed. Appx. 311, 313 (6th Cir. 2001)("None of Elliott's other state court challenges to his conviction render his federal habeas petition timely. Elliott's March

1997 motion for DNA testing did not toll the statute of limitations because it did not address any of the grounds of his federal habeas petition in question."). *Cf.* McDonald v. Smith, 2003 WL 22284131 (E.D.N.Y.) * 3, 5-6 (holding that "petitioner's request for DNA testing under section 440.30(1-a) of the New York Criminal Procedure Law was a 'properly filed application for State post-conviction or other collateral review,' 28 U.S.C. § 2244(d)(2)," inasmuch as a motion pursuant to that statute (N.Y.Crim. Proc. Law § 440.10 *et seq.*) under New York law is a "motion[] to vacate and, therefore, [a] challenge [to] the conviction")(included in *State's Attachment*).[4] Because, then, Werner's *Petition*

---

[4] That is, the apparent basis of the District Court's determination in McDonald was that Petitioner had filed the DNA request pursuant to, and part and parcel of, the rather elaborate New York statutory scheme for challenging a conviction on the basis of DNA evidence:

> The language and purpose of section 440.30(1-a) suggest that it defines a request for DNA testing as a ground for a section 440.10 challenge to conviction. Section 440.30(1) lays out the procedure for a motion to vacate pursuant to Section 440.10. Section 440.30(1-a), being a subsection of Section 440.30(1), apparently instructs the courts about how to rule on one specific kind of 440.10 motion. The subsection states the following:
>
> > "In cases of convictions occurring before January first, nineteen hundred ninety-six, where the defendant's motion requests the performance of a forensic DNA test on specified evidence, and upon the court's determination that any evidence containing deoxyribonucleic acid ("DNA") was secured in connection with the trial resulting in the judgment, the court shall grant the application for forensic DNA testing of such evidence upon its determination that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant."
>
> N.Y.Crim. Proc. Law § 440.30(1-a). Assuming that the motion referred to in section 440.30(1-a) is one of the two sorts of motions dealt with by section 440.30(1), it would be authorized by section 440.10 rather than section 440.20. *See* N.Y.Crim. Proc. Law § 440.20

*** *Requesting DNA Testing* was not so much a "challenge [to] his conviction" (Hodge v. Greiner, 269 F.3d at 107) as a prelude to a possible *later* such challenge ("material [which] he claimed might be of help *in developing such a challenge*" (*id.*)(emphasis added)), Werner's October 17, 2005 *Petition By Defendant Requesting DNA Testing* is simply not "a properly filed application for *** other collateral review with respect to the pertinent judgment or claim" (§ 2244(d)(2)) which could have tolled the one-year limitation provision of § 2244(d)(1). As a consequence, the State would respectfully suggest that the above-captioned habeas petition should be dismissed as time-barred.

Even if, moreover, dismissal were not required, there would not appear be any reason to accede to Petitioner's request (*Petition Under 28 U.S.C. § 2254 For Writ of*

---

> (applying to motions to set aside a sentence). The motion for DNA testing is either authorized specifically by section 440.30(1-a), which sets forth a new ground for motions to vacate, or by section 440.10(g), which allows the court to grant a motion to vacate based on a finding of new evidence. N.Y.Crim. Proc. Law § 440.10(g). *See* Peter Preiser, *Supplementary Practice Commentaries* (1994), *available at* Historical and Statutory Notes under Westlaw's N.Y.Crim. Proc. § 440.30.

(McDonald v. Smith, 2003 WL 22284131, * 5)

In addition to the fact that Petitioner McDonald's DNA request was proffered, pursuant to New York law, in part and parcel of a specific type of proceeding attacking the judgment, the McDonald Court, as well, appeared to necessarily determine that McDonald's "section 440.30(1-a)" DNA request was "a *properly* filed application for *** collateral review" (28 U.S.C. § 2244(d)(2)(emphasis added)) under New York law. In contrast, Petitioner Werner's *Petition By Defendant Requesting DNA Testing*, was not filed pursuant to and part and parcel of the proper vehicle the Rhode Island General Assembly assigned to raise "actual innocence" DNA claims, *viz.*, R.I.G.L. § 10-9.1-10 – 12 (governing "Innocence protection – DNA testing evidence"). Werner's *Petition By Defendant Requesting DNA Testing* was not only not filed pursuant to R.I.G.L. § 10-9.1-10 – 12, but (and notwithstanding Petitioner's statement that his *Petition* was filed "pursuant to R.I.G.L. 10-9.1(b)(c)" (*Petition By Defendant Requesting DNA Testing* at 1)) Werner had (and has) not even in place (again, according to the best of the State's understanding) an application, let alone a "properly filed" one ((28 U.S.C. § 2244(d)(2)), for post-conviction relief pursuant to R.I.G.L. § 10-9.1-1 *et seq.*.

*Habeas Corpus By A Person In State Custody* at 6) to "stay or abet" his federal habeas corpus petition while he pursues his unexhausted claims in state court (*see* Rhines v. Webber, 544 U.S. 269, 125 S.Ct. 1528 (2005)).[5] For if, contrary to the State's above contention, Werner's *Petition By Defendant Requesting DNA Testing* is "a properly filed application for *** other collateral review with respect to the pertinent judgment or claim" (§ 2244(d)(2)), and if Petitioner in such (or any other properly filed timely and collateral) proceeding had raised "[e]ach and every ground raised on direct appeal" (*Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody* at 4) as well as unexhausted grounds (presumably the ineffective assistance of counsel claims (*id.* at 6; *Petitioner's Attachment "A"* at 7-8)) in state court, then the clock had stopped and there is no reason to "stay or abet" the instant action.

Moreover, the State would suggest that in any event, "stay and abeyance" would be inappropriate in this case because there does not appear to be "good cause for [Werner's] *** failure to exhaust his claims first in state court" (Rhines, 544 U.S. at 269). Indeed, nothing in the materials filed by Petitioner with this Court adequately

---

[5] "In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court confronted the situation of a 'mixed' petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state court and some that have not. It held that the mechanism of stay and abeyance may be applied by the District Court 'in limited circumstances' where 'there was good cause for the petitioner's failure to exhaust,' the unexhausted claims are not 'plainly meritless' and the petitioner has not 'engaged in intentionally dilatory litigation tactics.' *Id.* at 1535. 'The stay and abeyance procedure [set forth in Rhines ] is intended to protect a petitioner in appropriate circumstances from having his federal claims become time barred by the one-year limitations period, 28 U.S.C. § 2244(d), while he completes the state exhaustion process' after dismissal of a 'mixed' petition."

(Werner v. Vose, 2006 WL 279074 (D.R.I.), at * 1.)

explain why, approximately fifteen months after Werner's challenged judgments of conviction became final, there is not even an active and ongoing post-conviction relief proceeding in the Superior Court, which proceeding, the Rhode Island Supreme Court has made clear, is the only proper vehicle for raising ineffective assistance of counsel claims (*see e.g.* State v. Grayhurst, 852 A.2d 491, 521 (R.I. 2004)). Consequently, the State would respectfully suggest that Petitioner's "stay or abet" request be denied, and that, in the event this Court does not find the petition time barred, only the raised "exhausted" claims[6] be permitted to go forward.

**Conclusion**

For the reasons expressed above, the State would ask that the above-captioned petition be dismissed as time barred. In the event that this Court does not so dismiss the Petition, the State would ask that, as Petitioner has failed to show "good cause" why a number of his claims remain unexhausted, it issue an order to "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims [only]" (Rhines, 125 S.Ct. at 1535).

---

[6] Those claims would consist of all of those which were presented, in the briefs filed by Werner, on direct appeal to the Rhode Island Supreme Court in State v. Werner, 851 A.2d 1093 (R.I. 2004). Pursuant to Rule 5(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*, the State has moved to submit the briefs filed by the parties in Werner's direct appeal to the Rhode Island Supreme Court. Also pursuant to Rule 5, the State informs this Honorable Court that, to the undersigned's knowledge and belief, the transcripts of the relevant trial proceeding is in the State of Rhode Island's Records Center, and could be made available for review if required by the Court in this 28 U.S.C. § 2254 action.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN # 4438**
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

## CERTIFICATION

I hereby certify that on the 15th day of March, 2006, I placed a copy of the within document in the U.S. mail, postage prepaid, to Keith Werner, pro-se, P.O. Box 100, South Walpole, MA. 02071.