UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEITH A. WERNER

v. C.A. No. 06-cv-0031-T

ASHBEL T. WALL, Director
Department of Corrections

OPPOSITION TO THE DISMISSAL OF PLAINTIFF'S MOTION TO STAY AND ABET FEDERAL PROCEEDINGS

Petitioner, Keith A. Werner, hereby opposes the Respondents' Motion to Dismiss Petitioner's Motion to Stay and Abet the federal proceedings until the state court decides unexhausted issues.

Respondent's Opposition cites and relies upon the factors enunciated in Rhines v. Weber, 124 S.Ct. 1528 (2005), wherein the Court held that a federal district judge has descretion to order stay

and abeyance of a "mixed petition" as an alternative to dismissal. The Court held that a stay and abeyance may be used where the petitioner can show: (a) good cause for the failure to exhaust the unexhausted claims before filing in federal court; and, (b) the unexhausted claims are "potentially meritorious." Under this standard, the petitioner is entitled to the requested stay.

I. <u>GOOD CAUSE</u>

The issues raised in the state habeas corpus petition are based on matters outside the record.

Both trial and appellate counsel were ineffective in failing to raise a variety of issues. <u>Massaro v. U.S.</u>, 538 U.S. 500, 506 (2000) ("Failure to raise an 'ineffective assistance of counsel claim ("IAC") on direct appeal does not bar the claim from being brought in a... later... proceeding.) Claims of IAC are generally related to

collateral review and ordinarily will not be considered on direct appeal. See U.S. v. Gambino, 788 F2d 938, 950 (3rd Cir. 1986)

Second, the trial court has not yet ruled on Mr. Werner's petition for writ of habeas corpus thereby tolling the statutory time constraints imposed by the Anti Terrorism and Effective Death Penalty Act, ("AEDPA"). For example, Mr. Werner's Petition for DNA Testing, pursuant to R.I.G.L. 10-9.1 (b,c) et seq., [Mandatory preservation of biological evidence for post conviction relief] has not been decided. The DNA evidence will demonstrate Mr. Werner is "actually innocent", Schlupr. v. Delo, 513 U.S. 298 (1995) of the criminal convictions in the matter of State v. Werner, 851 A2d 1093 (2004).

In his affidavit annexed hereto Mr. Werner attests trial counsel was ineffective by failing to investigate alibi witnesses and eyewitnesses whose identity was known by counsel. Bryant v. Scott, 28 F3d 1411, 1418 (5th Cir - 1994) (counsel's failure to investigate alibi

witnesses and witnesses to the crime ineffective because alibi witnesses were known and eyewitnesses were important to prosecute case); accord, Griffin v. Warden, Md. Corr. Adjustment Ctr., 970 F3d 1355, 1358 (4th Cir 1992). Further, the two eyewitnesses – the only evidence connecting Mr. Werner to the crime – testified they suffered, and continue to suffer from Post Traumatic Stress Disorder ("PTSD") as a result of witnessing the crime. Counsel was ineffective by failing to call a medical expert on PTSD to rebut the state's weak case. Pavel v. Hollins, 261 F3d 210, 217-218 (2nd Cir. 2001) (failure to call medical expert to rebut ADA's case was IAC).

An investigation by counsel would have provided evidence that was material and favorable to the defense.

Additionally, counsel failed to subpoena three of petitioner's alibi witnesses and to subpoena the telephone records

of Mr. Werner who was on the telephone five (5) minutes or so after the crime had been committed seventy-five (75) miles away.

Moreover, as is attested to in Mr. Werner's affidavit, annexed hereto, trial counsel advised Mr. Werner not to testify because his prior record would be used against him on cross examination. Petitioner submits that it is IAC for an attorney to presume that a prior conviction may be used against a defendant without at least filing a Motion to Suppress. Such a Motion has been long recognized under both state and federal law.

Because a motion to suppress a prior record is made and heard outside the presence of the jury, the making of the motion cannot possibly bring harm to the defendant, but can only help him, Any attorney with ordinary competence in the criminal law would make such a motion in this situation. Therefore, the failure to make

such a motion constitutes IAC. More to the point, if counsel had attempted to suppress the felonious convictions he may well have succeded and, thus, petitioner could have testified, and there may never have been a conviction.

These allegations, attested to in Mr. Werner's affidavit, if true, raise serious issues as to the adequacy of the appointed trial counsel's interest in conducting and preparing the defense. Hence, in these circumstances it would be in the interests of justice that petitioners substantial showing of an issue of constitutional importance [IAC] be heard.

Dated: 3/1/06

Respectfully submitted,
Keith A. Werner
Keith A. Werner