UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEITH A. WERNER

v. C. A. No. 06-cv. 0031-T

ASHBEL T. WALL, Director
Department of Corrections

AFFIDAVIT OF KEITH A. WERNER

I, Keith A. Werner, hereby say:

1. I am the petitioner in the above-numbered case which, I bring in good faith.
2. Each and every fact, allegation and case citations contained within "Opposition to the Dismissal of Petitioner's Motion to Stay and Abet Federal Proceedings," annexed hereto, is true, correct and accurate.
3. The alibi witnesses never interviewed by defense counsel but were made known to him are: (a) Donna Clemmons, Mr.

Werner's ex-girlfriend; (b) David Agresti, Mr. Werner's former employer; (c) Pascale Cocchi, Mr. Werner's landlord; and, (d) a pizza delivery boy who delivered pizza to Mr. Werner on the night in question, at about the time the crime was commited in Warwick, R.I. All aforesaid persons were in Everette, MA, about 75-80 miles from Warwick, R.I.

4. I requested counsel to interview and if necessary subpoena these witnesses; he never did.

5. I requested counsel to introduce into evidense my phone bill which indicated I was billed for a call to New York on the day in question, within 15-minutes of the crimes being committed.

6. I told counsel I wanted to take the stand and testify but he told me not to because the State would use my prior record against me. Trial counsel never filed a motion to suppress

6 (cont'd) my prior convictions.

7. Trial counsel, after being made aware that the only evidence against me, two eyewitnesses, a mother and daughter, suffered from Post Traumatic Stress Disorder made no attempt to consult or hire a neurologist or psychiatrist, to educate the jury on PTSD's effects on perception and memory.

8. Trial counsel failed to obtain the services of an expert in forensic hair analysis. Such expert testimony would have proved I was not the perpetrator. [The perpetrator left his cap in the victims car. Police seized the cap, and the hair follicles therein as evidence.]

I swear under pains and penalties of perjury the foregoing is true, accurate and correct

Keith A. Werner
3/1/06