UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
Petitioner

v. CA 06-31T

ASHBELL T. WALL,
Respondent

PETITIONER'S MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO THE "STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITION UNDER 28 U.S.C. 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"

The State contends Mr. Werner's petition for reargument was denied on September 10, 2004 and, having failed to file a writ of certiorari to the U.S. Supreme Court, his conviction become "final" 90-days thereafter, on December 10, 2004. [Resp. Memo pg 1].

Assuming arguendo, that September 10, 2004

is the accurate date within which to calculate deadlines, December 10, 2004 would not be the date the conviction became "final."

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, as contained in 28 U.S.C. 2244(d) provides, in pertinent part:

(1) a one-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The limitation period shall run from the latest of –

(2) The time during which a properly filed application for state post conviction relief or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection

Further, an additional 90-days is added for a petitioner to file for certiorari in the U.S. Supreme Court. Thus, assuming, but not

conceding that Mr. Werner's petition for reargument was denied on September 10, 2004, Mr. Werner had one-year, plus 90-days to file for federal habeas corpus relief, i.e., December 12, 2005.

The docket sheet within the State's Appendix[1] indicates the following:

1. On July 9, 2004, Mr. Werner was advised of the Supreme Court of Rhode Island's decision in State v. Werner, 851 A.2d 1093 (R.I. 2004)
2. On September 20, 2004, Mr. Werner filed a letter with the Supreme Court of Rhode Island ("S.Ct. R.I.")
3. On September 29, 2004, Mr. Werner filed a Motion to Vacate
4. On October 24, 2004, an order entered VACATING Count 2 of the

---

1. Petitioner in no way concedes the docket sheet is full, complete, true or correct.

4.(cont'd) indictment, and a Judgment of Conviction entered. [See Resp. Appendix, last page of docket entry sheet].

5. On November 4, 2004, the U.S. Supreme Court in the matter of Keith A. Werner v. Rhode Island, No. 04A380, granted Mr. Werner's motion for an extension of time within which to file a petition for a writ of certiorari [Pet. App., Tab A]. To date, Mr Werner has not received word that his petition was denied, dismissed or affirmed. Where certiorari is applied for, finality will not occur until the U.S. Supreme Court actually denies a claim.

6. On July 15, 2005, Mr. Werner filed two instruments with the Kent County Superior Court, "Defendant's Motion for Appointment of Counsel Relative to Post-Conviction Relief, Affidavit in Support, and Alternative Position of Defendant if Motion for Appointment of Counsel is Denied." Pet. App, Tab B]. Paragraph 13 of the Affidavit states,

6. (cont'd) in pertinent part:

should this Honorable Court deny my request for the appointment of counsel in regard to the above-numbered cases then, by necessity, the only thing I can do, and should be now considered to be doing is: to incorporate by reference each and every objection and offer of proof, and every lack thereof, every argument made at trial and every argument made at the appellate level by both Paula Rosin and myself to constitute my petitions for writ of habeas corpus in the above-numbered matters. [Pet. App, Affidavit Paragraph 13].

7. On July 15, 2005, Mr. Werner filed the exact same instruments aforesaid with this Honorable Court, out of an abundance of caution

8. On August 11, 2005, the Kent County Clerk received and stamped the aforementioned instruments as received.

9. The docket entry sheet contained

9. (Cont'd) within the Respondent's Appendix contains the curious entry: "15 Aug 2005 DATE DELETED."

10. The U.S. District Court Clerk (D.R.I.) received but refused, in derogation of Rule 3(b) to file Mr. Werner's habeas corpus papers. The Clerk failed to docket the receipt and return of said papers which, in turn, impelled Mr. Werner to file Petitions for Writ of Mandamus and Prohibition, dated November 21, 2005, CA 05-517-ML. The Petition has not yet been ruled upon.

11. On October 17, 2005, Mr. Werner, pursuant to R.I.G.L. 10-9.1(b,c) et seq., filed a petition for post conviction DNA testing, along with the required affidavit and memorandum in support. [Resp. App.]

11. The precise date of Mr. Werner's filing his federal habeas corpuses with the Honorable Court is the subject within Mr. Werner's "Appeal and Objection

11. (Cont.'d) to "Magistrate's Memorandum and Order Dated February 3, 2006," (CA 06-31-T); "Opposition to the Dismissal of Plaintiff's Motion to Stay and Abet Federal Proceedings," (CA 06-31-T); and "Petitions for Writ of 2. Mandamus and Prohibition," (CA 05-517-ML). No ruling on any of these instruments has been tendered.

Irrespective of which date this Honorable Court decides to adopt as the starting date under the AEDPA limitations period Mr. Werner falls within the statutory time limit via the undecided case before the U.S. Supreme Court, the Post Conviction DNA statute, the state habeas corpus and the federal habeas corpus originally filed.

---

2. Exhibits appended there to include but are not limited to Mr. Werner's correspondence to the Clerk, dated September 7, 2005, and two letters to Mr. Werner from Concetta R. Zinni, Data Administrator, dated 9-15-05 and 10-7-05.

## I. STANDARD OF REVIEW

In deciding a motion to dismiss, the court must assume that all the facts in the petition are true and construe the factual allegations in the light most favorable to the Petitioner. Scheuer v. Rhodes, 94 S.Ct. 1683 (1974). The Court considers only the allegations in the petition, and should dismiss only if "it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitled him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) Petitioner is also entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also that defeat Respondent's defense.

Courts hold pro se actions to less stringent standards than formal pleadings drafted by attorneys. Hughs v. Rowe, 449 U.S. 5, 9 (1980) citing Haines v. Kerner, 404 U.S. 519, 520 (1972)

Federal courts may ignore the legal label

that a <u>pro se</u> litigant attaches to a motion and recharacterize the motion and place it within a different category, in order to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a <u>pro se</u> motion's claim and its underlying legal basis. <u>Castro v. U.S.</u>, 124 S.Ct. 786, 791 (2003); <u>Raineri v. U.S</u>, 233 F3d 96, 100 (1st Cir 2000)

Under these standards the Respondent's Motion to Dismiss must be DENIED

## II <u>OBJECTIONS, OFFERS OF PROOF, MERITLESS CLAIMS AND INAPPLICABLE CASE CITATIONS</u>

The State's Appendix contains Appellant's Brief and the State's Reply but fails to include Mr. Werner's Pro Se Supplemental Brief.[3] The half of the Brief (pp.108-147)

---

3. The Supreme Court of Rhode Island refused

that the Court refused to hear contained several federalized claims warranting review.

With respect to late filings the R.I.S.Ct. has a procedural rule that is not strictly or regularly followed, despite a showing of good cause for the default and the resulting prejudice that inured to Mr. Werner. The precedent regarding late filings was clearly enunciated in State v. Laperchea, 617 A2d 1371 (R.I 1992) wherein the Court held " The brief submitted by the State on

---

3. (Cont'd) to hear half of Mr. Werner's Pro se Brief (pp. 108-147) (neatly printed) because Mr. Werner filed the Brief late, even though circumstances beyond his control were presented to the court. Mr. Werner was unable to file the second part of the Brief on time because the U.S. Postal Service requires all domestic mail over 16-ounces to be presented to the Clerk at the Post Office. Mr. Werner's Brief weighed over 16 oz.; the warden would not allow him to go to the Post Office. Second, Mr. Werner was in the hospital infirmary; no pens, paper, envelopes or stamps are permitted. [See Pet. App., Tag C].

appeal was not excluded from consideration, and counsel for the state was not prevented from presenting oral argument from the court, even though the brief of the state was late. Late filings are more appropriately remedied by granting a continuance to defense counsel, as to excluding the state's brief from consideration or precluding counsel for the state from oral argument."

Thus, both the "independent and adequate state grounds doctrine" and the "cause and prejudice test" are satisfied with respect to the federal claims[4] contained in pages 108-147 of Mr. Werner's Pro Se Supplemental Brief. See, e.g. Murray v. Carrier, 477 U.S. 478 (1986)

---

4. These claims include denial of the assistance of counsel, in violation of the 6th and 14th Amendments to the U.S. Constitution; and, violations under the 1st Amendment, Equal Protection, and Privileges and Immunities Clause of the U.S. Constitution. Violations of the 5th, 6th and 14th Amendments as well as the Due Process and Compulsory Process Clauses to the U.S. Constitution.

## A. MERITLESS CLAIMS AND INAPPLICABLE CASE CITATIONS

Defendant's Appendix cites 14 cases[5] in support of its Motion to Dismiss. Five of these cases are from foreign circuits, at least two have been overruled; two are unpublished and one case is not recommended for full text publication. Five additional cases are from foreign U.S. district courts, two of which are copies of a Magistrates Report and Recommendation. No First Circuit cases are cited.

Mr. Werner will succinctly point out the infirmaties of each case cited by the State.

In Sellers v. Burt, 2006 WL 398627 (8th Cir-2006) the heading clearly states, "This case was not selected for publication.... UNPUBLISHED."

---

5. Two case are relative to Mr. Werner, State v. Werner, 851 A2d 1093 (R.I. 2004) and the Memorandum and Order of Magistrate Almond in Werner v. Vose CA 06-31T which an objection is still pending.

Similiarly, Elliot v. DeWitt, 10 Fed App. 311 (6th Cir 2001) indicates "NOT RECONMENDED FOR FULL TEXT PUBLICATION. Sixth Circuit Rule 28 (g) limits citation to specific situations Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit If cited, a copy [of the Rule] must be served on other parties and the Court. The State failed to serve a copy of the Sixth Circuit rule on both Mr. Werner and the Court.

First, unpublished opinions cannot be cited as authority. see Blacks Law Dictionary (7th ed.) pg 119 "Slip Opinion." Second, the Sellers case was denied because Sellers petition was filed 411-days after his conviction become final. Seller's argued his petition was not timely because his state post-conviction attorney was ineffective and, as such, equitable tolling was warranted. The claims in Sellers do not even remotely resemble Mr. Werner's claims. In Elliot v. DeWitt, Elliots petition for postconviction relief was filed in November 1996 which tolled the statute of limitations, until his

appeal in that action was dismissed on May 27, 1997. Thus, his June 1999 federal habeas corpus petition was more than one year late. Further, Elliot's 1997 motion for DNA testing did not toll the statute of limitations because it did not address any of the grounds of his federal habeas corpus petition in question.

The State goes on to cite Carrillo v. Dretke, 2004 WL 3008605 (N.D. Tex), a Report and Recommendation by a Magistrate Judge. Carrillo filed his application for post-conviction relief [state court filing] two years past the Texas time limit and then filed for federal habeas corpus relief almost four years after the state conviction became final. Again, the facts in this case have absolutely no relation to the case sub judice.

The State proceeds to cite Hansen v. Jabnsca, 2005 WL 221834 (E.D. Va) a Report and Recommendation by a Magistrate Judge. The petitioner attempted to raise a claim in the federal habeas corpus petition which was not raised in the state proceedings, in contravention of Picard v. Connor, 404 U.S. 270, 275-76 (1971). Further, the petitioner filed

a motion seeking information which he claimed would have been helpful in developing a challenge to his conviction; the statute of limitations had expired by almost five years before petitioner filed the motion for post-trial relief. These circumstances are distinguishable and inapplicate to the instant case.

The State's reliance on Fierro v. Cockrell, 294 F3d 674 (5th Cir. 2000) is misplaced. Fierro's ignorance of the law did not justify equitable tolling or entertaining a successive writ outside the one-year limitations period.

The State's citation of Bland v. Hall, 2002 WL 989532 (D. Mass.) is not germane to the facts of the instant case. In Bland, the appellant filed a motion to revise and revoke pursuant to Rule 29, Mass. Crim. Pro. A Rule 29 motion does not challenge the legal sufficiency of the conviction or the sentence or the imposition of the sentence. Rather, it provides a mechanism whereby the trial judge may reconsider a concededly lawful sentence to remedy some perceived unfairness. Relief under Rule 29 is completely

discretionary. Claims of legal error, by contrast, are addressed pursuant to Rule 30 which governs post-conviction relief for persons who are imprisoned in violation of state or federal law. Petitioner's Rule 29 motion did not amount to a collateral attack or post conviction relief request thus, it did not apply to toll the AEDPA's one year statute of limitations.

B. THE NEW YORK CASES

The State cites Hodge v. Greiner, 269 F3d 104, 107 (2nd Cir 2001) wherein the court held the filing of a proceeding under N.Y.C.P.L.R 7801-06 ("Article 78") so "as to obtain additional documents concerning the investigation of his offense," is not "an application for State post-conviction or other collateral review within the meaning of subsection 2244(d)(2)" as Hodge's Article 78 proceeding did not challenge his conviction [,] . . . but rather it sought material he claimed might be of help in developing such a challenge. . . ."

The Great State of New York has combined

writs of mandamus, certiorari and prohibition into a single writ commonly referred to as an "Article 78 proceeding," under which prisoners have been permitted to challenge administrative decisions, be it prison parole, sentence calculations, facility rules and disciplinary decisions. In essence, an Article 78 proceeding challenges actions of various administrative agencies. In Hodge, the appellant sought to appeal the denial of a public record request. This challenge has absolutely nothing to do with the case-at-bar.

The State then cites Mc Donald v. Smith 2003 WL 22284131 (E.D.N.Y.) which correctly held that a petitioner's request for DNA testing under section 440.30 (1-a) of the NY Crim. Pro. Law was a "properly filed application for State post-conviction or other collateral review," [subject to equitable tolling under 28 U.S.C. 2244(d)(2)], inasmuch as a motion pursuant to N.Y. Crim. Pro. Law 440.10 et seq., under New York law is a motion to vacate and therefore a challenge to the conviction. In New York, a petitioner has a choice

of two post conviction remedies: An Article 440 motion, and a petition for state habeas corpus. The Article 440 motion is the most modern and procedurally well developed state post-conviction procedure. The New York Legislature designed the Article 440 motion to simplify and combine all of the existing post-conviction remedies, including state habeas corpus.

The State attempts to play Three Card Monty with this Honorable Court by making disingenuous, specious claims that various sections of Section 440 do not constitute post-conviction and habeas corpus relief. Section 440 et seq. includes post conviction and habeas corpus relief.

C. POST CONVICTION REMEDIES IN RHODE ISLAND

---

6. Mr. Werner was born in Queens, N.Y. and grew up in the metropolitan area. He is familiar with N.Y. law.

In Rhode Island a prisoner has a right to habeas corpus via Article I, Section 9 of the Constitution of Rhode Island or via R.I.G.L. 10-9-1 *et seq.*.

The Respondents Appendix contains R.I.G.L. 10-9.1-10 Post Conviction Remedy and 10-9.1-12 Post Conviction Remedy, both of which deal with DNA testing. The State contends that Mr. Werner's (Post Conviction) Motion for DNA Testing, Affidavit and Memorandum in Support, dated October 17, 2005 [Resp. App] does not qualify as a "properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim.

The State's claim is absurd. There can be no valid argument that the filing of the aft-cited documents by Mr. Werner attacks the relevant judgment and pertinent claims

The State makes a material misrepresentation

by contending:

> Indeed, nothing in the materials filed by Petitioner with this Court explain why, approximately fifteen months after Werner's challenged judgments became final,[7] there is not even an active and ongoing post-conviction proceeding in the Superior Court, which proceeding the Rhode Island Supreme Court has made clear, is the only proper vehicle for raising ineffective assistance of counsel claims [Case citation omitted].

The facts are clear-cut, simple and beyond legitimate dispute: The record is clear, Mr. Werner has filed four motions for writ of habeas corpus, a Post Conviction Relief Motion ("DNA"); and, a petition for

---

7. Mr. Werner denies the judgments became final over fifteen months ago and realleges the arguments in Page 1-6, herein, supra.

writ of certiorari with the U.S. Supreme Court [Pet. App. Tab A]. Mr. Werner cannot force the judiciary to hear his motions.

The U.S. Supreme Court in Carey v. Saffold, 536 U.S. 214, 217 (2002) held that under the AEDPA, the one-year period is tolled when an application for state collateral review is "pending" in the State courts. In defining "pending" Justice Breyer said that under the ordinary definition of the word, pending "means than an application is pending as long as the ordinary state collateral review process is 'in continuance' — i.e., until the completion of the process. In other words until the application has achieved final resolution through the state's post-conviction procedures, by definition it remains pending."

Most circuit courts have held that the one year limitation may be tolled in appropriate circumstances. Weber v. Rhines, 544 U.S. 269 (2005) has defined appropriate circumstances

as protecting a prisoner from having his federal claims time barred by the one-year limitation period while he completes the state exhaustion process after dismissal of a mixed petition. The instant case presents appropriate circumstances for a stay and obeyance.

The First Circuit has recognized a growing consensus that district courts should stay rather than dismiss mixed petitions when dismissal could jeopardize the petitioner's ability to obtain federal review. Nowaczyk v. Warden, 299 F3d 69, 79 (1st Cir 2002):

SECOND CIRCUIT: Zarvela v. Artuz 254 F3d 374 (2nd Cir 2001) (same)

THIRD CIRCUIT: Crews v. Horn 360 F3d 146 (3rd-Cir 2004) (same)

FIFTH CIRCUIT: Roberts v. Cockrell, 319 F3d 690, 695 (5th Cir 2003)

SIXTH CIRCUIT: Cowherd v. Million, 380 F3d 909, 910 (6th Cir. 2004)

SEVENTH CIRCUIT: Lloyd v. Van Natta, 296 F3d 630, 632 (7th Cir 2004)

EIGHTH CIRCUIT: Wright v. Norris, 299 F3d 926, 927 (8th 2002)

NINETH CIRCUIT: Olvera v. Guibina, 371 F3d 564, 573 (9th Cir. 2004)
ELEVENTH CIRCUIT: Siebert v. Campell, 344 F3d 1018, 1032 (11th Cir. 2003)

## Conclusion

Both the facts and controlling law favor the GRANTING of Petitioner's Motion for a stay and Abeyance. The State has failed to cite any cases from the district court of Rhode Island and the U.S. Court of Appeals for the First Circuit. No prejudice will inure to the State should this Honorable Court grant Mr. Werner's Motion. However, significant prejudice will be suffered by Mr. Werner should the State's Motion to Dismiss be granted.

WHEREFORE, the State's Motion to Dismiss should be DENIED.

Dated: 4-23-06

Respectfully submitted,
Keith A. Werner, Pro se