RECEIVED AUG 1 1 2005

STATE OF RHODE ISLAND

KENT COUNTY SUPERIOR COURT
CRIMINAL DIVISION
No's K2/88-490A
K1/90-0804B
K1/92-0875A
P2/91-1905A

STATE OF RHODE ISLAND

v.

KEITH A. WERNER

DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL RELATIVE TO POST-CONVICTION RELIEF ("HABEAS CORPUS)

Defendant, Keith A. Werner, requests this Honorable Court to appoint counsel to represent him in habeas corpus petitioner in the above entitled actions. In support of this Motion, Mr. Werner has annexed hereto his Affidavit in Support.

WHEREFORE, in view of the substantial hardships and constraints



B

imposed on Mr. Werner, as well as the many and sundry facts attested to his Affidavit, the speedy, just and least expensive determination of the above-numbered actions would be best served by the appointment of counsel.

Dated: 7/15/05

Respectfully submitted,
Keith A. Werner
Keith A. Werner

Certification

I hereby certify that I mailed a true copy of the within Motions and Affidavit to the Office of the Attorney General, 222 Quaker Lane Warwick RI. 02898, via first-class mail, postage prepaid on this 15th day of July 2005.

Keith A. Werner

B

STATE OF RHODE ISLAND

KENT COUNTY SUPERIOR COURT
CRIMINAL DIVISION

STATE OF RHODE ISLAND NO's K1/88-490A
K1/90-0804B
K1/92-0875A
v. P2/91-1905A

KEITH A. WERNER

APFIDAVIT OF KEITH A. WERNER

I, Keith A. Werner, hereby say:

1. I am the defendant in the above-numbered actions.
2. This Affidavit is in support of my motion for appointment of counsel which, I bring in good faith
3. I am, and have been, all times relevant hereto a state prisoner in the custody of the Massachusetts Department of Corrections at Walpole prison, ("Walpole")
4. The law library at Walpole

B

EXHIBIT B

4.(cont.'d) does not contain any law books relevant to Rhode Island criminal law and procedure; no caselaw is available. I have extremely limited access to the law library.

5. Per policy, I am permitted only one cubic foot of papers in my cell. Thus, the rest of my legal papers and transcripts are placed in the prison's legal storage area. To get to the storage area to exchange legal papers, i.e. papers in my cell to be replaced by different papers is difficult, at best. Access to the legal storage area is infrequent which, makes it impossible for me to review a complete trial transcript at any given time, i.e. I must take transcripts out in increments.

6. I am and have been all times relevant hereto taking eleven (11) prescribed medications; seven of which are psychotropic. The medications make it difficult for me to concentrate, focus on things,

EXHIBIT B

6. (Cont'd) and make me sleepy.

7. I am not an attorney. I have never attended law school. I lack the knowledge, training, education and skills of an attorney.

8. The law librarian at the Rhode Island prison rarely replies to my letters. I have never been provided — in the last 3-4 years — with legal materials I have requested.

9. Within the last year I have spent a significant amount of time in the prison's infirmary due to medical problems. Those who are in the infirmary are not permitted pens, paper, envelopes, books or legal materials.

10. I anticipate spending much more time in the prison infirmary due to medical problems.

11. I understand that in the past it has been difficult for me to stick with an attorney that's been appointed however, when Attorney's Mark Smith and Paul Rosen



B

EXHIBIT B

11.(Cont'd) were appointed by the Court to represent me at trial, and on appeal, respectively, I had no problems with these attorneys; each respective attorney represented me competently and zealously on all matters.

12. I would be willing and honored to have either Attorney Mark Smith Paula Rosin, or anyone from the Public Defenders office, Appellate Division to represent me on the above-entitled actions. I would agree to waive any claim of ineffective assistance of counsel for trial if Mark Smith were appointed, [he was my trial attorney], and waive any claim of ineffective assistance of counsel on direct appeal if Paul Rosin or anyone from the Public Defenders Appellate Division represented me on the above-entitled actions [Paula Rosen was my appellate attorney].

13. Should this Honorable Court decide to deny my request for the



B

EXHIBIT B

13. (cont'd) appointment of counsel in regard to the above-numbered cases then, by necessity, the only thing I can do, and should be now considered to be doing, is to incorporate by reference each and every objection and offer of proof, and every lack thereof, every argument made at trial and every argument made at the appellate level by both Paula Rosin and myself to constitute my petitions for writ of habeas corpus in the above-numbered matters.

I swear under pains and penalties of perjury that the foregoing is true, accurate and correct

Dated: 7/15/05

Keith A. Werner

Keith A. Werner
Box 100
S. Walpole, MA 02071



B

STATE OF RHODE ISLAND

KENT COUNTY SUPERIOR COURT

CRIMINAL DIVISION

No's K2/88-490A

STATE OF RHODE ISLAND K1/90-0804B

K1/92-0875A

v. P2/91-1905A

KEITH A. WERNER

ALTERNATIVE POSITION OF DEFENDANT IF MOTION FOR APPOINTMENT OF COUNSEL IS DENIED

TAKE NOTICE that in the event this Honorable Court denies the defendant's motion for the appointment of counsel in the above-numbered action, annexed hereto, then by necessity the defendant incorporates by reference the Affidavit of Keith Werner attached hereto B

imposed on Mr. Werner, as well as the many and sundry facts attested to his Affidavit, the speedy, just and least expensive determination of the above-numbered actions would be best served by the appointment of Counsel.

Dated: 7/15/05

Respectfully submitted,

Keith A. Werner

Keith A. Werner

Certification

I hereby certify that I mailed a true copy of the within Motions and Affidavit to the Office of the Attorney General, 222 Quaker Lane Warwick, R.I. 02896, via first class mail, post prepaid on this 15th day of July 2005.

Keith A. Werner

B