UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED
FEB 13 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEITH A. WERNER

v. C.A. No. 06-31T

ASHBEL T. WALL, II

APPEAL AND OBJECTION TO MAGISTRATE'S MEMORANDUM AND ORDER DATED FEBRUARY 3, 2006

Petitioner, Keith A. Werner, hereby objects to and appeals the Memorandum and Order ("MO") by Magistrate Lincoln Almond, dated February 3, 2006 for the below-listed reasons

1. The MO is brought pursuant to Rule 73(b) Fed. R. Civ. P., not Rule 73(a). The MO is dispositive to a "claim or defense" because the controverted claims and defenses affect the rights of Mr. Werner to bring, maintain, or defend the instant action. The MO's dismissal of Mr. Werner's Motion for

DENIED
Ernest C. Torres
Chief, US District Judge
6/8/06

1. (cont'd) a Stay and Abeyance erroneously determines that the petition is not a "mixed petition" but instead one that possibly contains only "unexhausted claims." [MO pg 3]. Such an erroneous determination will impose a significant, if not fatal, penalty who may not be able to file a fully exhausted petition within the AEDPA's time constraints. Such a penalty is dispositive to a "claim or defense." Woods v. Dahlberg, 894 F2d 187 (6th Cir 1990) (denial of IFP motion functional equivalent as dismissal)

2. Mr. Werner was, in derogation of Rule 73, was neither notified nor consented to the Magistrate proceeding in the matter; thus, failure to the notification and consent requirement deprives the Magistrate of jurisdiction of the action and any judgment entered is a nullity. See, Binder v. Gillespie, 172 F3d 649 (9th Cir. 1999) The lack of notification/consent of the action to the Magistrate constitutes "extraordinary circumstances" wherein the district could may and should vacate the reference under the "extraordinary circumstances" provision of Rule 73 (b)

3. The MO alleging, "Petitioner commenced this action

3 (Cont'd) on January 23, 2006, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. 2254." [MO pg 1]. This claim is erroneous in both law and fact. Petitioner filed four (4) separate petitions for writ of habeas corpus on or before July 15, 2005, See, C.A. 05-517 ML [No. 1], Petition for Writ of Mandamus and Prohibition, and Attachments thereto, which evince the four filings on or before July 15, 2005.

4. The MO alleges the Motion to Stay and Abet "involves on his March 15, 1995 conviction.... This is incorrect; Mr. Werner has a Motion to Stay and Abet in all four petitions for habeas corpus. See C.A. 05-517 ML [No. ___] Motion to Stay, dated December 24, 2005.

4. The MO states, "Generally, to be eligible for habeas relief, a petitioner must show he has exhausted all state court remedies." [MO pg. 2]. Such a claim flys in the face of at least eigth circuit courts, including our own. The federal court may grant a petitioner a continuance while pursuing unexhausted claims in state courts. See, e.g. Nowaczyk v. Warden, 299 F3d 69, 79 (1st Cir -

4.(cont'd) - 2002) (recognizing a growing consensus that district courts should stay rather than dismiss mixed petitions when the dismissal could jeopardize petitioner's ability to obtain federal review); Zarvela v. Artuz, 254 F3d 374 (2nd Cir. 2001) (same); Crews v. Horn 360 F3d 146, 154 (3rd Cir. 2004) (same); Griffin v. Rogers, 308 F3d 647, 652 n.1 (6th Cir 2002); Page v. Freeman, 208 F3d 572, 577 (7th Cir. 2002); Lee v. Norris, 354 F3d 846, 847 (8th Cir 2004); Olvera v. Giubino, 371 F3d 569, 573 (9th Cir. 2004); Thompson v. Wainwright, 714 F2d 1495, 1500 (11th Cir. 1983)

5. Mr. Werner seeks review of the convictions in:
State v. Werner, 803 A2d 1107 (RI 2003);
State v. Werner, 851 A2d 1093 (RI 2004);
State v. Werner, 831 A2d 183 (RI 2003); and,
State v. Werner, 865 A2d 1049 (RI 2005).

6. Arriving under separate cover will be Mr. Werner's "Notice of Related Actions or Proceedings" requesting one district judge to hear each of Mr. Werner's habeas corpus petitions relative to the aft-cited case. Judicial economy and efficiency would be

6. (Cont'd) best served by having one judge hear each of Mr. Werner's petitions. Annexted to the Notice of Related Actions will be a list of each unexhausted claim in each state habeas petition.

WHEREFORE, the Memorandum and Order should be rejected and denied; this Honorable Court should grant Mr. Werner's Motion to Stay and Abet in all four pending actions, as well as consider the appointment of a single judge to hear all four (4) habeas petitions

Dated: 2/7/06

Respectfully submitted,

Keith A. Werner

Keith A. Werner
Box 100
S. Walpole, MA 02071

Certification

I hereby certify, pursuant to the Rules of Court, the Attorney General was furnished with a copy of the instant instrument.

2/7/06

Keith A. Werner