UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEITH A. WERNER | : | |
| | : | |
| v. | : | C.A. No. 06-31T |
| | : | |
| ASHBEL T. WALL | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is the State of Rhode Island's Motion to Dismiss the Petition for Writ of Habeas Corpus filed by Keith A. Werner ("Petitioner") (Document No. 8). The State seeks dismissal of the Petition arguing that it is time-barred under 28 U.S.C. § 2244, and that Petitioner has not exhausted several of his claims. Petitioner filed an Opposition to the Motion to Dismiss. (Document No. 15). This matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the Memorandum and Opposition, as well as performing independent research, I recommend that the Motion to Dismiss be GRANTED and that the Petition be DENIED and DISMISSED WITH PREJUDICE.

**Facts and Travel**

On March 10, 1995, Petitioner was convicted by a jury of one count of robbery, two counts of assault with a dangerous weapon and one count of larceny over $500.00.[1] During his appeal to the Rhode Island Supreme Court, Petitioner was granted leave to submit a supplemental, *pro se* brief in which he raised additional issues. Id. at 1110. One of those issues was whether or not

---

[1] Much of the relevant factual and procedural background to this case is set forth in the Rhode Island Supreme Court's July 1, 2004 Decision, See State v. Werner, 851 A.2d 1093 (R.I. 2004).

Petitioner was denied the opportunity to have a hair sample from the crime scene independently tested for DNA evidence by his own expert. Id. After examining the record, the Rhode Island Supreme Court concluded that Petitioner had ample opportunity to have the hair tested by his own expert at the State's expense. Further, the Court held the trial justice never improperly denied any of Petitioner's numerous motions. Id. at 1111. On July 1, 2004, all the convictions were affirmed. See State v. Werner, 851 A.2d 1093 (R.I. 2005).

According to the docket for the United States Supreme Court, Petitioner was granted an extension of time within which to file a Petition for Writ of Certiorari in November of 2004. The time was extended to February 7, 2005. The docket does not indicate that Petitioner took any further action, nor has he asserted that he ever actually filed a Petition for Writ of Certiorari.

In August 2005, Petitioner filed a Motion for Appointment of Counsel Relative to Post-Conviction Relief in the Rhode Island Superior Court. See Document No. 15, Ex. B. On October 17, 2005, Petitioner requested that the Superior Court enter an order authorizing DNA testing of evidence found at the crime scene. Petitioner argued that there was a reasonable probability that he would not have been convicted if exculpatory results had been obtained through DNA testing. According to the Rhode Island Superior Court's Criminal Docket Sheet, there has yet to be a decision on this request.

Prior to filing the present Petition for Writ of Habeas Corpus, Petitioner claims to have attempted to file five "appeal" cases in this Court. His documents were apparently returned to him because they were not in the proper form. On his fifth attempt, this Court denied Petitioner's request that those earlier filings be construed as "habeas corpus appeals." See Werner v. Marshal, C.A. No.

05-517ML, Document No. 2. On or about January 24, 2006, Petitioner was sent the proper form for filing a petition under 28 U.S.C. § 2254. Id.

Petitioner filed this action on January 23, 2006. On February 10, 2006, Chief Judge Ernest C. Torres ordered the State to submit a response to the Petition, and the State responded by filing its Motion to Dismiss on March 15, 2006. In its Motion, the State claims this Petition is barred by the statute of limitations contained in 28 U.S.C. § 2244. The State also claims Petitioner has failed to show "good cause" why a number of his claims remain unexhausted. See Document No. 8 at p. 7.

**Standard of Review**

In order to obtain relief under 28 U.S.C. § 2254, a petitioner must meet certain statutory prerequisites. In the present case, the State claims that Petitioner did not meet two requirements: first, the State claims that the Petition does not comply with the applicable statute of limitations; and second, the State claims Petitioner failed to exhaust several of his claims.

**A. *Statute of Limitations***

28 U.S.C. § 2244(d)(1) provides, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." It also states that the limitation period will begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," but that it shall be tolled while any "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. §§ 2244(d)(1)(A) and (d)(2).

To determine if the Petition was timely filed, therefore, the Court must determine whether one year has elapsed since Petitioner's judgment of conviction, while taking into account any tolling of the one-year period. Petitioner's conviction was affirmed by the Rhode Island Supreme Court on

September 10, 2004 when Petitioner's request for reargument was denied. The conviction became final upon the expiration of the ninety-day period for seeking certiorari to the United States Supreme Court pursuant to Sup. Ct. R. 13. According to the docket for the United States Supreme Court, Petitioner never filed a Petition for a Writ of Certiorari. The statute of limitations therefore began to run December 10, 2004 – ninety days after the Rhode Island Supreme Court's final entry of judgment. From that date, Petitioner had until December 10, 2005 to either file a Petition for Writ of Habeas Corpus or to collaterally attack his conviction in Rhode Island Superior Court, tolling the statute of limitations pursuant to 28 U.S.C. §2244(d)(2).

The parties dispute whether Petitioner's Motion for DNA testing (the "DNA Motion"), filed October 17, 2005, is a "properly filed application for State post-conviction or other collateral review." Id. at 3. According to the First Circuit, a filing that purports to be an application for State post-conviction review or other collateral review must attack collaterally the relevant conviction or sentence. See Voravongsa v. Wall, 349 F.3d 1, 6 (1st Cir. 2003). The State argues the DNA Motion is not a direct attack on his judgment of conviction, but rather a tactic to obtain additional documents concerning the investigation of his offense. Because the State contends that the DNA Motion was not a properly filed application, the State argues that the pending Petition for Writ of Habeas Corpus is time-barred because the one-year period expired prior to the present filing in January 2006.

The Court does not even reach the dispute as to whether the DNA Motion could be construed as a "properly filed application" for relief, since the Court concludes that Petitioner's DNA Motion raised an issue that had already been finally adjudicated in Petitioner's appeal to the Rhode Island Supreme Court. Because the issue had been finally adjudicated, it may not be the basis for a subsequent application in the Superior Court. In State v. Werner, 851 A.2d 1093 (R.I. 2004), the

Rhode Island Supreme Court stated that because the trial justice never prevented Petitioner from presenting his own expert, Petitioner's right to present a "genetic witness" was not violated. Id. at 1112. Likewise, in his DNA Motion, Petitioner requests that the Rhode Island Superior Court authorize the testing of DNA evidence found at the crime scene. Petitioner stated in his Affidavit in Support of his DNA Motion that the requested DNA testing is "related to the investigation or prosecution of that which resulted in [his] judgment of conviction." Pet'r's Aff. in Support of DNA Motion, ¶ 1. Upon a review of the Rhode Island Supreme Court's decision regarding Petitioner's DNA evidence, as well as a review of the issue raised in the DNA Motion, this Court concludes that the relief requested was the same. In accordance with R.I. Gen. Laws § 10-9.1-8, the issue raised in the DNA Motion had been finally adjudicated and therefore the DNA Motion may not serve as the basis for an application for State post-conviction or other collateral review. Because the DNA Motion cannot be construed as a motion for post-conviction or collateral review, it also does not toll the statute of limitations for purposes of filing a §2254 Motion in this federal court.

In addition to claiming that the DNA Motion tolled the statute of limitations, Petitioner contends his Petition for Writ of Habeas Corpus was timely filed because the statute was tolled by his Motion for Appointment of Counsel Relative to Post-Conviction Relief, as well as his never-pursued "case" before the United States Supreme Court. First, under Rhode Island law, a motion for appointment of counsel for a State post-conviction proceeding does not constitute a "properly filed application for state post-conviction or other collateral review." See Voravongsa, 349 F.3d at 4. Therefore, his request for counsel did not toll the statute of limitations. Second, there is no record of Petitioner actually filing a Petition for a Writ of Certiorari with the United States Supreme Court.

Although he did receive an extension of time, he did not properly file any documents with the Supreme Court within the period of time that the Court granted to him.

### B. Exhaustion of State Remedies

Because the Petition is time-barred under 28 U.S.C. § 2244, the second ground raised by the State, Petitioner's claimed failure to show good cause for why a number of his claims remain unexhausted does not need to be addressed.

## Conclusion

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 8) be GRANTED, and that the Petition be DENIED and DISMISSED WITH PREJUDICE. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
August 10, 2006